The STATE of Ohio, Appellee,

v.

YARBROUGH, Appellant.

[Cite as *State v. Yarbrough,* 165 Ohio App.3d 276, 2006-Ohio-270.]

Court of Appeals of Ohio,
Second District, Montgomery County.

Nos. 20885, 20886 and 20887.

Decided Jan. 13, 2006.

Mathias H. Heck Jr., Montgomery County Assistant Prosecuting Attorney, and Johnna M. Shia, Assistant Prosecuting Attorney, for appellee.

Patrick J. Conboy II, for appellant.

WOLFF, Judge.

{¶ 1} Runyon Yarbrough was found guilty after pleading no contest in the Montgomery County Court of Common Pleas to four counts of vehicular assault, one count of failure to stop after an accident, one count of possession of cocaine, and one count of discharging a firearm into a habitation. He appeals his sentences for these offenses.

{¶ 2} The charges against Yarbrough arose out of three separate cases in the trial court, Montgomery County case Nos. 04–CR–1358, 04–CR–2665, and 04–CR–2758/1, which were heard together. On November 22, 2004, the trial court conducted a plea hearing, and Yarbrough entered pleas of no contest to all of the charges in exchange for a recommended aggregate sentence of no more than four years. The trial court agreed to this maximum sentence prior to the plea. The particulars of the plea agreement will be discussed in more detail under the assignment of error. After Yarbrough entered his pleas, the court sentenced him to four years on each of the four vehicular assaults, 12 months for failure to stop, 12 months for possession of cocaine, and four years for discharging a firearm into a habitation, all to be served concurrently.

{¶ 3} Yarbrough raises one assignment of error on appeal.

{¶ 4} "The trial court erred in its sentencing of defendant-appellant."

{¶ 5} Yarbrough makes three arguments under this assignment of error. First, he argues that the trial court did not make the requisite findings for imposing the maximum sentences for possession of cocaine and failure to stop. Second, he claims that the trial court did not make the requisite findings for

imposing a sentence greater than the shortest possible sentence for vehicular assault and shooting into a habitation. Finally, he contends that the trial court promised him certain sentences at his plea hearing and that the court did not abide by these promises. The state argues that the "jointly recommended agreed sentence" was not appealable, on the authority of R.C. 2953.08(D).

{¶ 6} We begin with whether Yarbrough entered into an agreed sentence because, if he did, R.C. 2953.08(D) does preclude an appeal. R.C. 2953.08(D) provides: "A sentence imposed upon a defendant is not subject to review * * * if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." There is no question that Yarbrough's sentences were authorized by law. This argument turns on whether the sentence that was imposed by the judge had been recommended jointly by the prosecution and Yarbrough.

{¶ 7} The following exchange, in which defense counsel tried to explain the plea agreement to Yarbrough, is instructive:

{¶ 8} "DEFENSE COUNSEL: If the state says you could plead no contest to all the charges, and if the worst that you were looking at was four years, but it's up to the judge as to what she actually gives you, are you willing to enter the plea? If the court states you could get the four, and if it credits time served, if the court—if you were looking at four years with credit for time served, what you actually get is up to the judge, no more than four. She could give you less; it's up to her. She has to refer to a presentence investigation report from the probation department, but if that would be the worst scenario, would you make a no contest plea to all the charges?

{¶ 9} "THE COURT: Well, the state's recommendations [sic] is four years; that's the likelihood.

{¶ 10} " * * * [discussion about the possibility of judicial release]

{¶ 11} "DEFENSE COUNSEL: * * * Having said all that, would you be willing to plead no contest to all the charges if the worst you were looking at is the judge giving you four years concurrent, however they all—Okay?

{¶ 12} "DEFENDANT: (Nods head.)"

{¶ 13} Considering this exchange and other similar discussions during the plea hearing, the record supports the conclusion that the parties had entered into an agreement that Yarbrough would be sentenced to no more than four years for his offenses in exchange for his pleas. Thus, we agree with the state's contention that the parties had jointly recommended Yarbrough's sentence, and the judge had clearly acquiesced in this agreement. Thus, the propriety of the sentence was not reviewable on appeal, and we will not consider such matters as whether

the proper findings had been made to support a maximum sentence or a sentence greater than the shortest allowable sentence.

{¶ 14} On the other hand, our review of the transcripts of the plea and sentencing hearings reveals that the trial court did make promises at the plea hearing with respect to sentencing that were not reflected in the ultimate sentence. For example, the trial court assured Yarbrough that he would receive six months on the failure-to-stop charge and "guaranteed" one year on each of the vehicular-assault charges, to be served concurrently. It actually imposed one year for failure to stop and four years on each of the vehicular assaults, to be served concurrently. These errors were harmless because they did not affect the four-year aggregate sentence.

{¶ 15} However, the trial court also "guaranteed" that only one-year concurrent mandatory sentences would be imposed on each of the vehicular-assault charges. Because the vehicular assaults were the only charges requiring mandatory sentences, the effect of the judge's assurance that Yarbrough would receive one-year concurrent sentences on these counts was that he would be eligible for judicial release after serving only one year of his aggregate sentence. See R.C. 2929.20(B). Based on the discussions at the plea hearing, the possibility of judicial release after one year appears to have been quite important to Yarbrough. While the length of the mandatory sentences would ordinarily have been within the trial court's discretion,[1] the court's promise of eligibility for judicial release after one year undoubtedly induced Yarbrough to enter his plea. Thus, the trial court was bound by this promise, and it was not free to impose a mandatory prison term of a greater length at sentencing. In our view, such a failure to abide by the terms of the plea agreement falls outside the purview of R.C. 2953.08(D), and thus, that statute does not preclude appellate review of this issue.

{¶ 16} The assignment of error is sustained in part and overruled in part.

{¶ 17} The sentence is vacated, and the matter is remanded for resentencing.

Sentence vacated
and cause remanded.

FAIN and DONOVAN, JJ., concur.

---

1. R.C. 2903.08(D) sets forth the circumstances in which a mandatory prison term is required for vehicular assault, but the length of the mandatory sentence is not specified. R.C. 2929.01(Y) provides that a mandatory prison term "may be any prison term authorized for the level of offense." See, also, State v. McIntyre (June 16, 2000), Lucas App. No. L–99–1369, 2000 WL 770134.